Matter of Ancona (2023 NY Slip Op 03691)

Matter of Ancona

2023 NY Slip Op 03691

Decided on July 5, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.

2021-03488

[*1]In the Matter of Vincent Jack Ancona, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Vincent Jack Ancona, respondent. (Attorney Registration No. 2937555)

DISCIPLINARY PROCEEDING commenced by the Grievance Committee for the Tenth Judicial District pursuant to 22 NYCRR 1240.8 by the service and filing of a notice of petition and a verified petition, both dated May 17, 2021. Subsequently, the respondent served and filed a verified answer and an amended verified answer, both dated June 14, 2021. By decision and order on application of this Court dated August 24, 2021, the matter was referred to the Honorable Sandra L. Sgroi, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 3, 1999.

Catherine A. Sheridan, Hauppauge, NY (Stacey J. Sharpelletti of counsel), for petitioner.
Foley Griffin, LLP, Garden City, NY (Thomas J. Foley of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a notice of petition and a verified petition, both dated May 17, 2021, containing five charges of professional misconduct, and the respondent served and filed a verified answer and an amended verified answer, both dated June 14, 2021. Subsequently, the Grievance Committee served and filed a statement of disputed and undisputed facts dated July 6, 2021, which the respondent concurred with in a response dated July 29, 2021. By decision and order on application of this Court dated August 24, 2021, the matter was referred to the Honorable Sandra L. Sgroi, as Special Referee, to hear and report. A prehearing conference was held on September 20, 2021, and a hearing was conducted on October 28, 2021, and November 1, 2021. The Special Referee filed a report dated December 16, 2021, in which she concluded that the Grievance Committee met its burden of proving by a fair preponderance of the evidence that the respondent committed the ethical violations as alleged in the verified petition. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. In an affirmation, the respondent does not oppose the Special Referee's findings. The respondent argues, inter alia, that a public censure is the appropriate sanction.
The Petition 
The respondent maintained an attorney trust account denominated "ANCONA LAW [*2]OFFICE PC, CONTROL IOLA ACCOUNT, ATTORNEY ESCROW," account number ending in 9434 at Citibank (hereinafter the escrow account), which he used incident to his practice of law.
Charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0) as follows: Between January 17, 2017, and May 2, 2017, the respondent deposited into the escrow account down payments and/or settlement funds received in connection with separate matters involving six clients: Arlene Wolfe (hereinafter the Wolfe matter), Yasin Sheikh (hereinafter the Sheikh matter), Maria Carollo (hereinafter the Carollo matter), Catello Viviani (hereinafter the Viviani matter), Mary DiMeglio (hereinafter the DiMeglio matter), and Tamara Ismailova (hereinafter the Ismailova matter).
On or about March 21, 2017, the respondent issued five checks totaling $72,925, in connection with the closing of a real estate transaction in the Wolfe matter, leaving a $75 balance in down payment funds. Thereafter, on or about May 3, 2017, the respondent issued two additional checks totaling $7,500 in connection with the Wolfe matter, which checks were presented and paid from the escrow account when there were insufficient corresponding funds on deposit.
Between May 4, 2017, and May 14, 2017, the respondent was required to maintain $109,533.47 in the escrow account, in connection with the following matters: (1) the Sheikh matter, $25,116.80; (2) the Carollo matter, $72,500; (3) the Viviani matter, $7,250; (4) the DiMeglio matter, $666.67; and (5) the Ismailova matter $4,000. On May 4, 2017, the balance in the escrow account was $82,563.17, which was $26,970.30 below the amount that the respondent was required to maintain. On May 8, 2017, the balance in the escrow account was $69,963.75, which was $39,569.72 below the amount that the respondent was required to maintain.
Charge two alleges that the respondent misappropriated funds entrusted to him as a fiduciary, in violation of rule 1.15(a) of the Rules of Professional Conduct as follows: As of May 4, 2017, the respondent was required to have $25,116.80 on deposit in the escrow account in connection with the Sheikh matter for the purpose of paying a Medicaid lien on his client's behalf. As of June 6, 2017, the $25,116.80 Medicaid lien had not been paid on Sheikh's behalf. On June 6, 2017, the balance in the escrow account was $21,646.51, which was $3,470.29 less than the amount the respondent was required to maintain in connection with the Sheikh matter.
Charge three alleges that the respondent failed to make or maintain required bookkeeping records for the escrow account, in violation of rule 1.15(d) of the Rules of Professional Conduct as follows: From the opening of the escrow account through and including all times relevant herein, the respondent (1) failed to maintain records of all deposits and withdrawals from the escrow account, showing the date, source, and description of each item deposited, and the date, payee, and purpose of each withdrawal or disbursement; and (2) failed to maintain a contemporaneous ledger book or similar record of all transactions in the escrow account, showing the source of all funds deposited into it, the names of all persons for whom the funds are or were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed.
Charge four alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct, in that he failed to reconcile the escrow account.
Charge five alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4 (h) of the Rules of Professional Conduct, by engaging in the above-mentioned conduct.
Findings and Conclusion 
In view of the respondent's admission to all of the charges at the hearing and the evidence adduced, we find that the Special Referee properly sustained all of the charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.
The Special Referee considered that for virtually the entire time of his solo practice, approximately 21 years, the respondent "failed to maintain contemporaneous and accurate records of funds being deposited into and drawn out of his escrow account and he admitted that during the audit period under investigation, he was unable to identify what funds in the escrow account were retainer fees, legal fees or client funds." Given his experience, the Special Referee further noted that the respondent "should have been aware and knowledgeable about the rules governing attorney trust accounts."
In determining an appropriate measure of discipline to impose, we have considered [*3]the aggravating and mitigating factors. In aggravation, we note the respondent's pattern of misconduct, his substantial experience in the practice of law, and his disciplinary record which is not unblemished, having received three Admonitions that were personally delivered and a Letter of Caution, though remote. We have also considered, in mitigation, his admission of wrongdoing, his expressed remorse, his lack of venal intent, the remedial measures he has implemented to institute proper bank and bookkeeping practices to avoid a reoccurrence, the character evidence presented, and his community service.
Under the totality of circumstances, we conclude that the respondent's conduct warrants his suspension from the practice of law for a period of two years.
DILLON, J.P., DUFFY, BARROS, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Vincent Jack Ancona, is suspended from the practice of law for a period of two years, commencing August 5, 2023, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than January 5, 2025. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Vincent Jack Ancona, shall comply with this Court's rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Vincent Jack Ancona, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Vincent Jack Ancona, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court